**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

   v.

Jose Perez-Alonzo,

        Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Criminal No. 03-221(1) ADM/AJB

_____

Andrew Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jose Perez-Alonzo, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Jose Perez-Alonzo's ("Perez-Alonzo") Motion to Reopen a Judgment Pursuant to

Federal Rules of Civil Procedure, Rule 60(b) [Docket No. 143] ("Motion to Reopen").  For the

reasons set forth below, Perez-Alonzo's Motion to Reopen is denied.

## II.  BACKGROUND

The facts of this case are laid out more fully in this Court's April 6, 2007 Order [Docket

No. 121], and are incorporated by reference.  Germane to Perez-Alonzo's Motion to Reopen is

that on September 18, 2006, this Court sentenced him to 97 months in prison.  Judgment [Docket

No. 113].  The Court advised Perez-Alonzo of his right to appeal and the consequences of failing

to appeal within ten days, Sentencing Tr. [Docket No. 118] at 9, and he did not appeal.

On December 22, 2006, Perez-Alonzo filed a 28 U.S.C. § 2255 Motion [Docket No. 115] based on ineffective assistance of counsel, alleging that his counsel failed to consult him about filing an appeal and that he had wanted to file an appeal. Id. 4. The Court denied Perez-Alonzo's § 2255 Motion without an evidentiary hearing for the following reasons: (1) this Court informed him of his right to appeal and consequences for failure to appeal; (2) his counsel denied that he failed to consult him regarding appeal; (3) his incredibility; (4) the frivolousness of an appeal, given his obstruction of justice and failure to object to the factual findings underlying his sentence; and (5) the fact that he pled guilty and waived his appellate rights in the Plea Agreement. Id. 4–5.

Perez-Alonzo filed this Rule 60(b) motion to reopen his case on January 6, 2012, alleging that this Court failed to comply with Federal Rules of Civil Procedure 12 and 56, as well as 28 U.S.C. § 2255.

### III. DISCUSSION

The Federal Rules of Civil Procedure grant that a "court may relieve a party . . . from a final judgment . . ." for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." Fed. R. Civ. P. 60(b). A Rule 60 motion, however, must be filed within a reasonable time, and if based on mistake, fraud, or newly discovered evidence, must be made within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

Perez-Alonzo's Rule 60(b) Motion does not specify the reason for which he is requesting relief, but it is presumably based on this Court's alleged mistake. As such, his Rule 60(b) Motion must have been filed within one year after the entry of judgment on April 6, 2007.

Because his motion was filed nearly fours years past this deadline, his motion is untimely and warrants dismissal on this basis alone.

Moreover, this Court is expressly permitted to use the "motion and the files and records of the case" in determining that a prisoner is not entitled to habeas relief. 28 U.S.C. § 2255(b). Contrary to Perez-Alonzo's argument, this Court properly considered his counsel's affidavit in determining he was not entitled to § 2255 relief, see April 6, 2007 Order 4, and did not run afoul of Federal Rules of Civil Procedure 12 and 56. Accordingly, Perez-Alonzo's motion is denied.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Perez-Alonzo's Motion to Reopen [Docket No. 143] is **DENIED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2012.